THREADGILL, Judge.
The law firm of Donald Belveal appeals a final agency order entered by the Florida Department of Health and Rehabilitative Services (HRS) which dismissed administrative proceedings and denied Belveal’s motion for attorney’s fees and costs under section 57.111(4), Florida Statutes (1991) on the ground that Belveal was not a prevailing party. We reverse.
Belveal and other lawyers formally protested a bid solicitation package prepared by HRS to procure legal services for its child support program in Hillsborough County. The Department of Administrative Hearings (DOAH) held a formal hearing after which the hearing officer entered a recommended order that the package be revised, citing numerous improprieties. HRS filed exceptions to the order. In addition, to prevent a lapse in services during the protest proceedings, HRS extended the existing contract for legal services to cover the remainder of the bid proposal period. Arguing that the extension nullified the bid solicitation and rendered the administrative contest moot, Bel-veal and the others filed a motion to dismiss the exceptions. They also asked that the case be remanded to DOAH for an award of attorney’s fees and costs under the Florida Equal Access to Justice Act, section 57.-111(4), Florida Statutes (1991).
The deputy secretary for human services of HRS entered a “final order” which concluded that Belveal’s motion to dismiss/suggestion of mootness was tantamount to a request that the proceedings be discontinued. The department dismissed the proceedings, denied the request to dismiss HRS’s exceptions, and denied the request for attorney’s fees stating, “[n]o final order has been issued in this cause which granted any affirmative relief to Petitioners. Therefore, they are not a prevailing party, and are not entitled to attorney fees.”
HRS exceeded its authority in entering this order. First, the dismissal of the action exceeded the scope of the motion to dismiss the exceptions. Second, the determination of whether Belveal was a prevailing party entitled to attorney’s fees and costs was solely *688 within the jurisdiction of the DOAH hearing officer. See Dep’t of Health and Rehabilitative Services v. S.G., 613 So.2d 1380, 1384 n. 1 (Fla. 1st DCA 1993).
Because HRS denied the motion to dismiss the exceptions yet never ruled on the hearing officer’s recommended order, we remand the case to HRS for further proceedings in accordance with section 120.57, Florida Statutes.
Reversed; remanded.
FRANK, C.J., and CAMPBELL, J„ concur.